# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | **CRIMINAL ACTION** |
| | ) | **NO.  08-40035-FDS** |
| JEROLD RIPLEY, | ) | |
| Defendant | ) | |
| | ) | |

## REPORT AND RECOMMENDATION ON DEFENDANT'S COMPETENCE TO STAND TRIAL
**November 16, 2009**

**HILLMAN, M.J.**

### Proceedings

By Order of Reference dated November 18, 2008, this matter was referred to me for all

pretrial proceeding.

### Background

The Defendant, Jerold Ripley, is charged with knowingly possessing ammunition which

has been shipped in interstate commerce, in violation of 18 U.S.C. §922(g)(1).  On November

12, 2008, after a preliminary examination/detention hearing I ordered him held pending trial.  At

a status conference on March 11, 2009, counsel for Mr. Ripley questioned his client's

competence.  On March 30, 2009, a preliminary competency hearing was held to determine

whether or not Mr. Ripley should undergo a competency evaluation.

Following that hearing, I ordered him to undergo a psychiatric or psychological examination in accordance with 18 U.S.C. §4247.  That report was filed with the Court and this Court allowed counsel for the Defendant to submit Mr. Ripley to an examination by his own expert with respect to the issue of competency.

A competency hearing was held in this case on Friday, October 16, 2009.  Counsel for Mr. Ripley indicated that his client was not contesting the results of the forensic medical evaluation which was submitted to the Court by the Federal Medical Center.  Counsel for the Defendant also advised that he would not present any evidence on the issue of the Defendant's competency.  Because counsel for the Defendant was unable to attend the court hearing for medical reasons, I allowed him to participate via telephone conference.  Counsel spoke with his client telephonically prior to the hearing and confirmed on the record that his client was prepared to proceed on the issue of competency by not contesting the Government's report.  I engaged Mr. Ripley in a colloquy about the circumstances of the hearing and whether or not he was satisfied with the advice Attorney Entine was providing.  I asked whether he knew that he was essentially agreeing with the Government's report that he was competent to stand trial.  Mr. Ripley answered the questions in the affirmative.  Accordingly, the court took the matter under advisement to be decided on the forensic mental health evaluation which was entered into evidence and marked as an exhibit.

Based upon that report, I find that Mr. Ripley demonstrates an understanding of the charges against him, and is able to describe the basis of the charge and the chronology of events leading to his arrest.  Mr. Ripley also acknowledged a factual understanding of the legal process and a realistic expectation about the outcome of his case.

In addition, Mr. Ripley clearly understands the legal process, his role, those of the other participants, and the charges against him, I also find that Mr. Ripley does not have a major mental illness.  Accordingly, I find that Mr. Ripley does not presently suffer from a mental disease or defect which renders him unable to understand the nature and consequences of the proceeding against him or assist properly in his defense.

### Conclusion

I find by a preponderance of the evidence that Mr. Ripley is competent to stand trial and I recommend that his case be returned to the District Court for further proceedings.

### Notice to the Parties

The parties are advised that under the provisions of Rule 3(b) of the Rules for the United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court WITHIN 10 DAYS of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis of such objection. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court's order entered pursuant to this Report and Recommendation.  *See United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13,14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor*

*Mart,Inc.v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980).  *See also Thomas v. Arn*, 474 U.S. 140,

106 S.Ct. 466.


/s/Timothy S. Hillman
TIMOTHY S. HILLMAN
MAGISTRATE JUDGE